## The Jesse Spaulding.

### Hamilton & Merryman Co. *v.* Smith *et al.*

*(District Court, E. D. Wisconsin.   May 16, 1892.)*

1. Collision—Overtaking Vessel.
    A leading vessel is entitled to keep her course, and the overtaking vessel must keep out of the way until she has completely passed the other.
2. Same.
    Two tugs were proceeding abreast at full speed for a tow. Swinging to port to come alongside the tow they came in collision, the colliding tug changing the course of the other, and driving her into the tow. *Held*, the tug to starboard of the other, being the overtaking vessel, so remained until she had completely passed the other, and could safely cross her course, or safely intervene between her and the tow.

**8. SAME—EXCESSIVE SPEED—CONTRIBUTING CAUSE.**

A high rate of speed will not be condemned as fault unless it contributed to cause the collision.

*(Syllabus by the Court.)*

In Admiralty. Libel *in personam* by the Hamilton & Merryman Company, owners of the schooner Butcher Boy, against Thomas H. Smith and others, owners of the tug George Nelson, the tug Jesse Spaulding being summoned as co-respondent under admiralty rule 59. Decree for libelant as to the Nelson; the Spaulding dismissed.

*F. M. Hoyt*, for libelant.

*M. C. Krause*, for respondents.

JENKINS, District Judge. This is a libel *in personam* by the owners of the schooner Butcher Boy against the owners of the tug George Nelson in a cause of collision. Upon the petition of the respondents the tug Jesse Spaulding was summoned as co-respondent under the fifty-ninth rule in admiralty, her owner intervening for his interest. The case was this: Early in the morning of September 29, 1889, the schooner Butcher Boy was proceeding up Lake Michigan, at about four knots an hour, on a voyage from Chicago, Ill., to Marinette, Wis., the wind being south, and the weather fair, and was some three miles to the southward of the east entrance of the Sturgeon Bay canal, intending to pass through the canal. The tugs Jesse Spaulding and George Nelson were lying moored to the dock near the east mouth of the canal, the Nelson being some 30 feet astern of the Spaulding. The tugs were of equal speed, the Nelson making steam somewhat quicker than the Spaulding. The Butcher Boy was observed by the tugs simultaneously, and both started in pursuit of the tow. The Spaulding got away first, immediately followed by the Nelson. Within a half mile the gap between the tugs was closed, and they proceeded abreast, at a speed of 12 miles an hour, within 50 feet of each other, the Nelson being on the starboard side of the Spaulding. They thus proceeded at full speed until they arrived abreast of or a little to the southward of the Butcher Boy, on her port side; the Spaulding being about 1,000 feet away, the Nelson 50 feet further away, and a half length in the lead. At this point, and almost simultaneously, the wheels of both tugs were put hard astarboard, swinging their bows to port, in order to round to alongside the Butcher Boy. The Spaulding, having a shorter turn to make, forged ahead of the Nelson about a quarter of her length, and had come around so that her bow was headed about north east to the forward quarter of the schooner, and was still swinging with her wheel hard astarboard, and but for the collision would have swung clear of the Butcher Boy. The Nelson swung in towards the Spaulding, was caught in her suction, and they collided; the Nelson striking the Spaulding on her after starboard quarter, abreast of her engine room door. Both tugs at this time were under full speed. The blow caused the Spaulding to list over on her port side, changing her course to easterly, and heading her directly towards the schooner. They were at this time about 300 feet away from the schooner. Both tugs reversed their engines, but

were unable to stop their headway in time. The bow of the Spaulding was driven violently against the schooner, striking her on the port side about amidships, causing damage.

The Nelson was at fault. She was the overtaking vessel, and was bound to keep out of the way of the Spaulding. Rev. St. § 4233, Sailing Rule 22. It is a mistaken idea that, because at the moment of turning the Nelson was in the lead by half a length, she ceased to be the overtaking vessel. She retained that character until she had completely passed the Spaulding. The object of the rule is to avoid collision. Here both vessels had a common object, to attain which on the part of the Nelson it was necessary for her, being to starboard, to cross the course of the Spaulding to her port side in order to first reach the schooner. The Spaulding, as the leading vessel, was entitled to hold her course. The Nelson remained the overtaking vessel until she had so far passed the Spaulding that she could safely cross the latter's course, or safely intervene between her and the schooner. The Nelson had full knowledge of the position and course of the Spaulding. Attempting to pass, or to cross her course, or to intervene between her and the schooner, the Nelson must assume the peril, and is responsible for the consequences. *The Rhode Island*, Olcott, 505; *Kennedy* v. *Steamboat Co.*, 12 R. I. 23; *The Bay Queen*, 27 Fed. Rep. 813; *The City of Brockton*, 37 Fed. Rep. 897. The Spaulding was not at fault. She had the right, if she could, to maintain the lead, so long as she did not improperly interfere with the Nelson. Each had the right to move at full speed, navigating properly to avoid collision. *Sturgis* v. *Clough*, 21 How. 451, 453. The Spaulding in no way interfered with the course of the Nelson. Her speed was in no proper sense the cause of collision. But for the Nelson's faulty management, the Spaulding would have cleared the schooner. She had no reason to anticipate the wrongful act of the Nelson. Immediately upon the collision she reversed her engine and took all possible action to avoid striking the schooner. She did no act that in any legal view contributed to the injury. Decree for libelants as to the Nelson, and dismissing the Spaulding, with costs against the owner of the Nelson.